María Sixta Martínez, Petitioner and Appellant, v. Inés Colón, Respondent and Appellee.

No. 3788. Argued January 31, 1926.—Decided July 15, 1926.

C. Dominguez Rubio and Miguel Guzmán Texidor for the appellant. Benigno Fernández García for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Inés Colón appeared in the District Court of Guayama to oppose the right of María Sixta Martínez to obtain a dominion title. The court found and the evidence tended strongly to show that Inés Colón was in possession of a

part of the land claimed by María Sixta Martínez. By our calculations the defendant was in possession of over one-half of the land claimed.

The court held that successfully to obtain a dominion title the petitioner must show a present actual possession, especially if the title was founded on prescription. The court cited the decisions of the Supreme Court of Spain of the 1st of March, 1904, and May 20, 1914; Galindo & Escosura, volume 1, p. 197, and *García* v. *Altuna*, 17 P.R.R. 435. The court, we feel bound to hold, was right.

The appellant under various assignments of error apparently attempts to assert that she was relying on the titles obtained by her. If appellant has titles not founded on prescription, or if she has titles founded on prescription arising in her or her predecessors more than ten years before the inception of this suit, or perhaps even a much more recent period, she can not obtain a dominion title. Before a claim for a dominion title may be set up the petitioner must be in actual possession. Here the only physical possession really shown, and that doubtfully, was dated more than ten years before the filing of this suit.

The petitioner claimed a portion of the land mediately through Pedro Rivera. He was a witness for petitioner. On cross-examination he was asked about his actual possession at the time or before he sold. The appellant objected substantially on the ground that the respondent claimed a purchase through a person other than Pedro Rivera and had no concern with the possession of said Pedro Rivera. Anything that would tend to destroy the claim of petitioner would protect the possession of the respondent and was relevant and material. Furthermore, the claim of petitioner was, in so many words, based in part on the possession of said Pedro Rivera. The court committed no error in admitting this evidence.

Partially to prove her possession the respondent

offered in evidence a complaint in the municipal court, where the appellant was suing the appellee in revendication to recover the very land in question. This complaint was necessarily a solemn admission that respondent was in possession of the land claimed. The appellant opposed this evidence on grounds we do not fully understand. Something was said, as in the preceding paragraph, of a possession depending upon a title and not the material possession. The court was fully justified in admitting the complaint.

The only other alleged error necessary to discuss has regard to the failure of the court to give the complainant a dominioin title to the part of the land to which the respondent made no claim. In the court below the battle was waged over the conflicting rights of these two neighbors. No one suggested to the court that it should make a finding for a part of the land. When a complainant insists on a particular description and nowhere moderates his claim, the court is not bound to act for him.

Furthermore, the court is not bound to act like a surveyor and determine for a petitioner what are the boundaries of a diminished claim.

We have some question, too, in claim for a dominion title, with its notice to the public authorities, etc., whether a petitioner may amend a claim at the trial table, but it is unnecessary specifically to decide the matter.

We find no error and the judgment must be affirmed.